IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUN CHEMICAL CORPORATION,<br><br>Defendant. | CASE NO. 4:23-cv-694<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation, and to provide appropriate relief to Charging Party Bryan L. Banks, who was aggrieved by such practices. As alleged with greater particularity below, Defendant Sun Chemical Corporation discriminated against Banks on the basis of race by subjecting him to an unlawful racially hostile work environment and retaliated against him for opposing that unlawful employment practice and participating in the investigation thereof.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in this Court pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Sun Chemical Corporation ("Sun Chemical"), has continuously been a Delaware corporation headquartered in New Jersey and doing business in the State of Missouri and City of Kansas City, Missouri, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Sun Chemical has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Banks timely filed a charge of discrimination (Charge No. 563-2020-00378) with the Commission alleging violations of Title VII by Sun Chemical.

7. On September 29, 2022, the Commission issued to Sun Chemical a Letter of Determination finding reasonable cause to believe Sun Chemical violated Title VII.

8. The Commission invited Sun Chemical to join with it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Sun Chemical to provide it the opportunity to remedy the unlawful practices described in the Letter of Determination.

10. The Commission was unable to secure from Sun Chemical a conciliation agreement acceptable to the Commission.

11. On August 3, 2023, the Commission issued to Sun Chemical a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Since at least 2019, Sun Chemical has owned and operated a manufacturing facility in Kansas City, Missouri ("Kansas City Facility").

14. In July 2019, Banks began working at Sun Chemical's Kansas City Facility as a temporary production technician, and he became a regular production technician at the facility on or about October 21, 2019.

15. Banks's race is African American.

16. On or about October 24, 2019, Banks was verbally and physically harassed by another employee, Ricardo Nevarez, who physically intimidated and used a lot of profanity toward Banks in the lunchroom, and then followed Banks into the locker room where Nevarez slammed his hand into a metal locker next to Banks's head and used a racial slur, the N-word (the actual N-word, not the euphemism "N-word"), towards Banks (the "Incident").

17. Banks felt physically threatened and racially harassed by Nevarez's actions during the Incident.

18. On or about October 24, 2019, Banks reported the Incident to Susan Cornelsen, the Plant Manager of the Kansas City Facility, and to Antonella Warren, a Human Resources Generalist with Sun Chemical ("Harassment Complaint").

19. On or about November 7, 2019, fourteen (14) days after Banks's Harassment Complaint, Plant Manager Cornelsen issued a Written Warning Notice to Banks for using profanity against Nevarez during the Incident; it included the statement: "Verbal profanity is considered inappropriate behavior that will not be tolerated. Should a similar occurrence happen, you will be subject to disciplinary action."

20. Prior to the Incident, Nevarez used the N-word (the actual N-word, not the euphemism "N-word") in the workplace, in front of other employees, on multiple occasions at the Kansas City Facility.

21. Prior to the Incident, supervisory employees of Sun Chemical, including Cornelsen, were aware of Nevarez using the N-word (the actual N-word, not the euphemism "N-word") in the workplace, in front of other employees, on multiple occasions at the Kansas City Facility but failed to take prompt and appropriate corrective action for that behavior.

22. Prior to the Incident, employees other than Banks used profanity against employees in the workplace on multiple occasions at the Kansas City Facility.

23. Prior to the Incident, supervisory employees of Sun Chemical, including Cornelsen, were aware of employees other than Banks using profanity against employees in the workplace on multiple occasions at the Kansas City Facility but did not issue Written Warning Notices (or more severe disciplinary actions) to those employees for that behavior.

24. Prior to the Incident and since, the use of verbal profanity in the workplace by employees at the Kansas City Facility was and is commonplace and routinely tolerated by supervisory employees of Sun Chemical.

25. As a result of being issued a Written Warning Notice in response to the Incident and his Harassment Complaint, Banks became afraid to complain to his supervisors and managers at Sun Chemical about anything, including racial harassment or discrimination, due to fear of immediate reprisal.

26. As of the filing of this Complaint, Banks continues to be employed by Sun Chemical at the Kansas City Facility.

## STATEMENT OF CLAIMS
## COUNT I – RACE DISCRIMINATION

27. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

28. Sun Chemical discriminated against Banks with respect to the terms, conditions, and privileges of employment because of his race, African American, in that Sun Chemical knew or should have known of the racially hostile work environment created by Nevarez, failed to take prompt or effective action to correct or remedy it, and failed to prevent Banks from being subjected to it, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1).

29. The unlawful employment practices described above deprived Banks of equal employment opportunities and otherwise adversely affect his status as an employee, in violation of Title VII, because of his race, African American.

30. The unlawful employment practices described above were done intentionally and with malice or with reckless indifference to the federally protected rights of Banks.

31. As a direct and proximate result of the unlawful employment practices described above, Banks suffered actual pecuniary and non-pecuniary damage, including but not limited to emotional pain, suffering, embarrassment, and inconvenience.

## COUNT II - RETALIATION

32. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

33. Sun Chemical retaliated against Banks, in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a), when it disciplined him in retaliation for his opposition to Sun Chemical's racially discriminatory practices.

34. The unlawful employment practices described above deprived Banks of equal employment opportunities and otherwise adversely affect his status as an employee, in violation of Title VII, because of his opposition to Sun Chemical's discriminatory practices.

35. The unlawful employment practices described above were done intentionally and with malice or with reckless indifference to the federally protected rights of Banks.

36. As a direct and proximate result of the unlawful employment practices described above, Banks suffered actual pecuniary and non-pecuniary damage, including but not limited to emotional pain, suffering, embarrassment, and inconvenience.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Sun Chemical Corporation, its owners, directors, officers, managers, supervisors, employees, successors, assigns, agents, and all persons in active concert or participation with them, from maintaining or permitting a racially hostile work environment and from retaliating against employees who engage in protected activity.

B. Order Defendant Sun Chemical Corporation to institute and carry our policies, practices, and programs that provide equal employment opportunities for African American employees and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Sun Chemical Corporation to make whole Banks by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above including, but not limited to, emotional pain, suffering, stress, inconvenience, embarrassment, loss of enjoyment of life, and humiliation, all in amounts to be determined at trial.

D. Order Defendant Sun Chemical Corporation to pay Banks punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63130
Phone: (314) 798-1914
Email: andrea.baran@eeoc.gov

JOSHUA M. PIERSON, MO Bar No. 29095
Supervisory Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905

Kansas City, KS 66101
Phone: (913) 359-1807
Email: joshua.pierson@eeoc.gov

JENNIFER L. ARENDES, MO Bar No. 46638
Senior Trial Attorney
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone: (314) 798-1929
Email: jennifer.arendes@eeoc.gov

*/s/ Luke R. Hertenstein*
LUKE R. HERTENSTEIN, W.D.Mo. Bar No. 59890
Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1812
Email: luke.hertenstein@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION